UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

------------------------------------------------------- x
                                                        :
TIFFANY GRACE WALLS,                                    :     3:17-CV-01669 (RMS)
    *Plaintiff*,                             :
                                                        :
v.                                                      :
                                                        :
NANCY A. BERRYHILL,                                     :
ACTING COMMISSIONER OF                                  :
SOCIAL SECURITY,[1]                                     :     DATE: MARCH 22, 2019
    *Defendant*.                             :
                                                        :
------------------------------------------------------- x

### RULING ON THE PLAINTIFF'S MOTION TO REVERSE THE DECISION OF THE COMMISSIONER AND ON THE DEFENDANT'S MOTION TO AFFIRM THE DECISION OF THE COMMISSIONER

This action, filed under § 205(g) of the Social Security Act, 42 U.S.C. § 405(g), seeks review of a final decision by the Commissioner of Social Security ["SSA" or "the Commissioner"] denying the plaintiff's application for Social Security Disability Insurance ["SSDI"] benefits.

I.    ADMINISTRATIVE PROCEEDINGS

On or about August 4, 2009, the plaintiff filed an application for SSDI benefits claiming that she has been disabled since January 1, 2000, due to bipolar disorder and major depressive disorder. (Certified Transcript of Administrative Proceedings, dated December 13, 2017 ["Tr."] 57–61, 63–69, 119–125). The Commissioner denied the plaintiff's application initially and upon reconsideration. (Tr. 57–61, 63–69). On March 26, 2010, the plaintiff requested a hearing before an Administrative Law Judge ["ALJ"]. (Tr. 81–82). On March 18, 2011, a hearing was held

---

[1] On January 21, 2017, Nancy A. Berryhill became the Acting Commissioner of Social Security. The Federal Vacancies Reform Act limits the time a position can be filled by an acting official, 5 U.S.C. § 3349(b); accordingly, as of November 17, 2017, Nancy Berryhill is serving as the Deputy Commissioner for Operations, performing the duties and functions not reserved to the Commissioner of Social Security.

before ALJ Ronald Thomas, at which the plaintiff testified. (Tr. 30–56; *see* Tr. 11–29, 90–111). On April 20, 2011, the ALJ issued an unfavorable decision denying the plaintiff's claim for benefits. (Tr. 11–29). On July 31, 2011, the plaintiff requested review of the hearing decision (Tr. 623–25), and on August 24, 2011, the Appeals Council denied the plaintiff's request for review, thereby rendering the ALJ's decision the final decision of the Commissioner. (Tr. 1–6).

The plaintiff appealed to the district court from the ALJ's April 20, 2011 unfavorable decision on September 19, 2011. *See Walls v. Astrue*, No. 3:11-CV-1452 (VLB)(TPS), Doc. No. 1. On May 3, 2012, the Commissioner filed a Consent Motion Under Sentence Four of 42 U.S.C. § 405(g) with Reversal and Remand of the Cause to the Defendant, stating that "further development of the record and additional administrative action is warranted." *Walls*, 3:11-CV-1452 (VLB)(TPS), Doc. No. 15-1 at 1. The Court granted the Consent Motion on the same day. *Walls*, 3:11-CV-1452 (VLB)(TPS), Doc. No. 16.

Following the Court's remand, the Appeals Council issued an order on October 21, 2013, remanding the case to the ALJ. (Tr. 550–53). A second hearing was held before ALJ Thomas on August 12, 2014 (Tr. 445–73), who issued a second unfavorable decision on September 25, 2014. (Tr. 554–74). The Appeals Council reviewed the ALJ's second decision and, on August 2, 2016, remanded the case again to the ALJ, reasoning that the ALJ's September 2014 decision did not comply with its October 21, 2013 remand order. (Tr. 578). The Appeals Council instructed that the case be assigned to a different ALJ. (Tr. 575–79).

A third hearing was held before ALJ Matthew Kuperstein on January 19, 2017, at which the plaintiff, a medical expert, and a vocational expert testified. (Tr. 474–517; *see* Tr. 427). ALJ Kuperstein subsequently became "unavailable to issue a decision" and, therefore, ALJ Barry Best was assigned to issue a decision. (Tr. 427 (citing HALLEX I-2-8-40)). On May 31, 2017, ALJ

Best issued an unfavorable decision, again denying the plaintiff's claim for SSDI benefits. (Tr. 424–44).

The plaintiff filed her complaint in this pending action on October 3, 2017. (Doc. No. 1). On October 5, 2017, the parties consented to the jurisdiction of a United States Magistrate Judge (Doc. Nos. 10 & 11), and on October 6, 2017, the case was reassigned to United States Magistrate Judge Joan G. Margolis. (Doc. No. 12). The defendant filed her answer and certified administrative transcript on January 11, 2018. (Doc. No. 16). The case was then transferred to this Magistrate Judge on May 1, 2018. (Tr. 22). On August 24, 2018, following six motions for extension of time, the plaintiff filed her Motion to Reverse the Decision of the Commissioner (Doc. No. 31), with brief in support (Doc. No. 31-1 [Pl.'s Mem.]), and a stipulation of facts (Doc. No. 31-2). On September 26, 2018, the defendant filed her Motion to Affirm the Decision of the Commissioner (Doc. No. 32), with brief in support. (Doc. No. 32-2 [Def.'s Mem.]).

For the reasons stated below, the plaintiff's Motion to Reverse the Decision of the Commissioner (Doc. No. 31) is GRANTED, and the defendant's Motion to Affirm (Doc. No. 32) is DENIED.

## II.   FACTUAL BACKGROUND[2]

The Court presumes the parties' familiarity with the plaintiff's medical history, which is thoroughly discussed in the Joint Stipulation of Facts (Doc. No. 31-2). The Court cites only the portions of the record that are necessary to explain this ruling.

---

[2] The Court adopts and incorporates by reference the Joint Stipulation of Facts (Doc. No. 31-2). Throughout this Ruling, commonly used medical terms do not appear in quotation marks although the terms are taken directly from the plaintiff's medical records.

III.   THE ALJ'S DECISION

Following the five-step evaluation process,[3] the ALJ found that the plaintiff's date last insured was September 30, 2000, and that the plaintiff had not engaged in substantial gainful activity since the alleged onset date of January 1, 2000, through her date last insured. (Tr. 430, citing 20 C.F.R. § 404.1571 *et seq*.). The ALJ concluded that, as of the date last insured, the plaintiff had the following medically determinable impairments: borderline personality disorder; bipolar disorder; anxiety disorder; depressive disorder; and obsessive-compulsive disorder. (Tr. 430, citing 20 C.F.R. § 404.1521 *et seq*.). The ALJ, however, concluded that "the [plaintiff] did not have an impairment or combination of impairments that significantly limited the ability to perform basic work-related activities for 12 consecutive months; therefore, the [plaintiff] did not have a severe impairment or combination of impairments." (Tr. 430, citing 20 C.F.R. § 404.1521 *et seq*.). Because the ALJ determined that the plaintiff's medically determinable impairments were "nonsevere," he concluded that the plaintiff was not disabled at any time from the alleged onset date of January 1, 2000, through the date last insured of September 30, 2000. (Tr. 435, citing 20 C.F.R. § 404.1520(c)).

---

[3] An ALJ determines disability using a five-step analysis. *See* 20 C.F.R. § 404.1520. First, the ALJ must determine whether the claimant is currently working. *See* 20 C.F.R. § 404.1520(a)(4)(i). If the claimant is currently employed, the claim is denied. *Id.* If the claimant is not working, as a second step, the ALJ must make a finding as to the existence of a severe mental or physical impairment; if none exists, the claim is also denied. *See* 20 C.F.R. § 404.1520(a)(4)(ii). If the claimant is found to have a severe impairment, the third step is to compare the claimant's impairment with those in Appendix 1 of the Regulations [the "Listings"]. *See* 20 C.F.R. § 404.1520(a)(4)(iii); *Bowen v. Yuckert*, 482 U.S. 137, 141 (1987); *Balsamo v. Chater*, 142 F.3d 75, 79–80 (2d Cir. 1998). If the claimant's impairment meets or equals one of the impairments in the Listings, the claimant is automatically considered disabled. *See* 20 C.F.R. § 404.1520(a)(4)(iii); *see also Balsamo*, 142 F.3d at 80. If the claimant's impairment does not meet or equal one of the listed impairments, as a fourth step, she will have to show that she cannot perform her former work. *See* 20 C.F.R. § 404.1520(a)(4)(iv). If the claimant shows that she cannot perform her former work, the burden shifts to the Commissioner to show that the claimant can perform other gainful work. *See Balsamo*, 142 F.3d at 80 (citations omitted). Accordingly, a claimant is entitled to receive disability benefits only if she shows that she cannot perform her former employment, and the Commissioner fails to show that the claimant can perform alternate gainful employment. *See* 20 C.F.R. § 404.1520(a)(4)(v); *see also Balsamo*, 142 F.3d at 80 (citations omitted).

IV.     STANDARD OF REVIEW

The scope of review of a Social Security disability determination involves two levels of inquiry. First, the court must decide whether the Commissioner applied the correct legal principles in making the determination. *See Balsamo v. Chater*, 142 F.3d 75, 79 (2d Cir. 1998) (citation omitted). Second, the court must decide whether substantial evidence supports the determination. *See id.* The court may "set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by substantial evidence or if the decision is based on legal error." *Burgess v. Astrue*, 537 F.3d 117, 127 (2d Cir. 2008) (citation and internal quotations marks omitted); *see also* 42 U.S.C. § 405(g). Substantial evidence is evidence that a reasonable mind would accept as adequate to support a conclusion; it is more than a "mere scintilla." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted); *see Yancey v. Apfel*, 145 F.3d 106, 111 (2d Cir. 1998) (citation omitted). The substantial evidence rule also applies to inferences and conclusions that are drawn from findings of fact. *See Gonzalez v. Apfel*, 23 F. Supp. 2d 179, 189 (D. Conn. 1998) (citation omitted); *Rodriguez v. Califano*, 431 F. Supp. 421, 423 (S.D.N.Y. 1977) (citations omitted). However, the court may not decide facts, reweigh evidence, or substitute its judgment for that of the Commissioner. *See Dotson v. Shalala*, 1 F.3d 571, 577 (7th Cir. 1993) (citation omitted). Instead, the court must scrutinize the entire record to determine the reasonableness of the ALJ's factual findings. *See id.* Furthermore, the Commissioner's findings are conclusive if supported by substantial evidence and should be upheld even in those cases where the reviewing court might have found otherwise. *See* 42 U.S.C. § 405(g); *see also Beauvoir v. Chater*, 104 F.3d 1432, 1433 (2d Cir. 1997) (citation omitted); *Eastman v. Barnhart*, 241 F. Supp. 2d 160, 168 (D. Conn. 2003).

V.       DISCUSSION

In this appeal, the plaintiff contends that the ALJ erred in multiple respects. First, the plaintiff argues that the ALJ failed to comply with the Appeals Council's remand order dated August 2, 2016. (Pl.'s Mem. at 1, 4–6). Second, the plaintiff argues that ALJ Best's failure to conduct a supplemental hearing after ALJ Kuperstein became unavailable violated provision I-2-8-40(B) of the Hearings, Appeals, and Litigation Law Manual ("HALLEX").[4] (Pl.'s Mem. at 1, 6–8). Third, the plaintiff argues that the ALJ violated Social Security Ruling ("SSR") 83-20, 1983 WL 31249 (S.S.A. Jan. 1, 1983). (Pl.'s Mem. at 1, 8–9). The Court agrees that the ALJ failed to comply with the Appeals Council's August 2, 2016 remand order and, accordingly, concludes that remand is warranted.

A.       THE ALJ FAILED TO COMPLY WITH THE APPEALS COUNCIL'S REMAND ORDER DATED AUGUST 2, 2016.

In its August 2, 2016 remand order, the Appeals Council directed the ALJ, on remand, to, *inter alia*, do the following:

> Comply with the 2013 Appeals Council Order of Remand and obtain assistance from a medical expert to help assess and clarify the longitudinal course of the claimant's mental impairments. The medical expert will provide evidence as to whether the claimant's impairments meet or equal in severity any impairment listed in Appendix 1, Subpart P of the regulations and, if so, at what date. The medical expert will also provide a medical source statement, noting any changes which might have occurred during the period at issue and addressing any inconsistencies or conflicts in the medical records as to the nature, onset, duration, severity, and limiting effects of the claimant's mental impairments.

(Tr. 576–78). The Appeals Council directed also that the ALJ on remand "will" "[p]roceed through the sequential evaluation process as necessary[,]" and that the ALJ "will take any further action needed to complete the administrative record and issue a new decision." (Tr. 576).

---

[4] HALLEX provisions can be found at https://www.ssa.gov/OP_Home/hallex/hallex-I.html.

The plaintiff argues that "[t]he Commissioner did not comply with the August 2, 2016 Appeals Council remand order because the medical expert did not submit a medical source statement or provide sufficient evidence as to whether the claimant's impairments met or equaled a listing." (Pl.'s Mem. at 4). In response, the defendant makes three arguments. First, "the Commissioner's Regulations provide that under the sequential evaluation analysis, if the Commissioner finds that an individual is disabled or not disabled at a step, the Commissioner will make a determination at that step, and will not go on to the next step." (Def.'s Mem. at 3 (citing 20 C.F.R. § 404.1520(a)(4)). Second, "there is no regulation or agency instruction that dictates that a medical expert complete a medical source statement in advance of a hearing," and "the ALJ acted properly in obtaining [the medical expert's] testimony at [the] [p]laintiff's hearing and affording [the] [p]laintiff's counsel the opportunity to ask questions of the doctor." (Def.'s Mem. at 4). Third, "it was [the] [p]laintiff's burden—not the ALJ's—to show that [the plaintiff] had a severe impairment that met or equaled a listing prior to her date last insured," and "courts have never recognized a duty upon the Commissioner to secure evidence affirmatively establishing disability[.]" (Def.'s Mem. at 5 (citing *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Poupore v. Astrue*, 566 F.3d 303, 306 (2d Cir. 2009)).

When the Appeals Council vacates a prior decision of an ALJ, the "previous decisions [have] no bearing on the proceedings before [the ALJ on remand]." *Gittens v. Astrue*, No. 12-Civ-3224 (NSR)(GAY), 2013 WL 4535213, at *8 (S.D.N.Y. Aug. 26, 2013) (citing *Uffre v. Astrue*, No. 06-Civ-7755, 2008 WL 1792436, at *7 (S.D.N.Y. Apr. 18, 2008)); *Brouillette v. Comm'r Soc. Security*, No. 6:14-CV-1305 (GTS/WBC), 2016 WL 11477429, at *6 (N.D.N.Y. Jan. 5, 2016). Absent an "express directive to adhere to the previous ALJ's determinations" at a particular step in the analysis, the ALJ on remand is "free to review the entire case record *de novo* and to reach

[his] own conclusions." *Gittens*, 2013 WL 4535213, at *8 (citing *Uffre*, 2008 WL 1792436, at *7).

However, the "Regulations provide that on remand from the Appeals Council, '[t]he [ALJ] *shall* take any action that is ordered by the Appeals Council and may take any additional action that is not inconsistent with the Appeals Council remand order.'" *Cabibi v. Colvin*, 50 F. Supp. 3d 213, 229 (E.D.N.Y. 2014) (quoting 20 C.F.R. § 404.977(b) (emphasis in original)); *see Ellis v. Colvin*, 29 F. Supp. 3d 288, 299 (W.D.N.Y. 2014) ("The regulations clearly state that an administrative law judge *shall* take any action that is ordered by the Appeals Council and may take any additional action that is not inconsistent with the Appeals Council's remand order." (emphasis in original; internal quotation marks omitted)). "The failure of an ALJ to abide by the directives in an Appeals Council remand order constitutes legal error requiring remand." *Ellis*, 29 F. Supp. 3d at 299 (citing *Savino v. Astrue*, No. 07-CV-4233 (DLI), 2009 WL 2045397, at *9 (E.D.N.Y. July 8, 2009) (additional citations omitted)).

Here, the Appeals Council vacated the ALJ's September 25, 2014 decision and remanded the case to another ALJ for a new decision. (*See* Tr. 575–79). As part of its remand order, the Appeals Council directed the ALJ on remand to "proceed through the sequential evaluation process as necessary" and to "issue a new decision." (Tr. 576). Therefore, the ALJ on remand was "free to review the entire case record *de novo* and reach [his] own conclusions." *Gittens*, 2013 WL 4535213, at *8. While reviewing the case *de novo* and proceeding through the sequential evaluation process, the ALJ determined that, although the plaintiff suffered from medically determinable impairments, none of the impairments were "severe." On this basis, the ALJ on remand concluded, in accordance with the relevant Regulations, that the plaintiff was not disabled. *See* 20 C.F.R. §§ 404.1520(a)(4) and 404.1520(a)(5)(c); *see also* note 4, *supra*.

The August 2, 2016 remand order of the Appeals Council, however, required more than just a new hearing and decision. The Appeals Council mandated that "[t]he medical expert will also provide a medical source statement, noting any changes which might have occurred during the period at issue and addressing any inconsistencies or conflicts in the medical records as to the nature, onset, severity, and limiting effects of the claimant's mental impairments." (Tr. 576). The ALJ was required to obtain the medical source statement, and his failure to do so constitutes legal error. *See Ellis*, 29 F. Supp. 3d at 299. Although the ALJ called a medical expert to testify at the 2017 hearing, he did not obtain a medical source statement from the medical expert as the Appeals Council required. Without the medical source statement, there was no discussion of changes, if any, that occurred during the period at issue and any conflicts in the medical record were left unresolved; nor was there a reason provided to explain why the plaintiff's mental impairments were not found to be severe at step two, even though two prior ALJs concluded differently.[5] Accordingly, the ALJ's failure to obtain a medical source statement from the medical expert violated the Appeals Council's remand order dated August 2, 2016. *See Ellis*, 29 F. Supp. 3d at 299. Without the medical source statement, the Court cannot conclude that substantial evidence supports the ALJ's finding at step two of the sequential analysis. Thus, a remand is warranted.[6]

VI.   CONCLUSION

For the reasons stated above, the plaintiff's Motion to Reverse the Decision of the Commissioner (Doc. No. 31) is GRANTED, and the case is remanded to the Commissioner. On remand, the ALJ shall comply with the Appeals Council's remand order dated August 2, 2016,

---

[5] Following the March 18, 2011 hearing, the ALJ concluded that the plaintiff had the severe impairment of depressive disorder. (Tr. 17). Following the August 12, 2014 hearing, the ALJ concluded that the plaintiff had the severe impairments of major depressive disorder with anxiety features, and dependent personality disorder with borderline traits. (Tr. 560).

[6] Because the Court concludes that remand is warranted on this issue, it need not discuss the remainder of the plaintiff's arguments, as the ALJ's consideration of a medical source statement on remand may change the analysis throughout the sequential evaluation process.

and the plaintiff shall be given a new hearing; the ALJ shall then issue a new decision consistent with this Ruling.  The defendant's Motion to Affirm (Doc. No. 32) is DENIED.

Dated this 22nd day of March, 2019 at New Haven, Connecticut.

/s/ Robert M. Spector, USMJ
Robert M. Spector
United States Magistrate Judge
