UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

------------------------------------------------------- x
                                           :
TIFFANY GRACE WALLS                        :          3:17 CV 1669 (RMS)
                                           :
V.                                         :
                                           :
COMMISSIONER OF                            :
SOCIAL SECURITY                            :          DATE: JUNE 5, 2020
                                           :
------------------------------------------------------- x

RULING ON THE PLAINTIFF'S MOTION FOR ATTORNEY'S FEES
PURSUANT TO 42 U.S.C. § 406(b)

On May 13, 2020, the plaintiff's counsel filed a Motion for Attorney's Fees pursuant to 42
U.S.C. § 406(b), seeking an award of fees in the amount of $14,664.54. (Doc. No. 38).  On May
21, 2020, the defendant filed his response, deferring to the Court on the issue of the timeliness of
the plaintiff's motion. (Doc. No. 39). For the reasons set forth below, the plaintiff's Motion for
Attorney's Fees Pursuant to 42 U.S.C. § 406(b) (Doc. No. 38) is GRANTED.

I.      PROCEDURAL BACKGROUND

The plaintiff's counsel has represented the plaintiff since March 2013.  In the most recent
action that gives rise to the Court's jurisdiction over this current Motion, he represented the
plaintiff in an action before this Court for judicial review of the Commissioner's unfavorable
decision denying the plaintiff benefits.  The Court remanded the case for further proceedings on
March 22, 2019, following which, judgment entered.  (Doc. No. 38 at 1).  Upon remand, an
Administrative Law Judge held a hearing and then entered a fully favorable decision, dated
December 11, 2019.  (*Id.*).

On April 18, 2020, the Social Security Administration issued a Notice of Award of
retroactive benefits totaling $88,265.20.  (*Id.*).  Pursuant to the retainer agreement between the

plaintiff and her counsel, entered on October 3, 2017, and consistent with 42 U.S.C. § 406(b), the plaintiff's counsel would receive the payment of an attorney's fee in the amount of 25% of the retroactive benefit award.  (Doc. No. 38-1).  Twenty-five percent of the retroactive benefit award would be $22,06.40, $7,401.86 of which was already paid through an award under the Equal Access to Justice Act ("EAJA").  (Doc. No. 38 at 2).  Accordingly, the plaintiff's counsel requests an award of $14,664.54 under § 406(b).

II.   LEGAL STANDARD

Pursuant to 42 U.S.C. § 406(b)(1), "'[w]henever a court renders a judgment favorable to a claimant . . . who represented before the court by an attorney, the court may determine and allow as part of the judgment a reasonable fee for such representation,' but that fee may not exceed '25 percent of the total of the past-due benefits to which the claimant is entitled.'"  *Blizzard v. Astrue*, 496 F. Supp. 2d 320, 321-22 (S.D.N.Y. 2007) (quoting 42 U.S.C. § 406(b)(1)(A)). Thus, attorney fee awards under section 406(b) of the Social Security Act are paid directly out of the plaintiff's past benefits due to her attorney pursuant to the terms of a contingency agreement. 42 U.S.C. § 406(b)(1)(A); *see Gisbrecht v. Barnhart*, 535 U.S. 789, 795-76 (2002); *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990) ["*Wells II*"] (holding that "the traditional lodestar method, borrowed from fee-shifting contexts, is not appropriate for evaluation a reasonable fee under § 406(b)."); *Gray v. Berryhill*, No. 15 CV 949-A, 2018 WL 5924747, at *2 (W.D.N.Y. Nov. 13, 2018) (holding that "[f]ees requested pursuant to § 406(b) come from the attorney's client's recovery.  They do not come, as they do in the EAJA context, from the public fisc.").

The effect of section 406(b) "is threefold. It fix[es] a maximum percentage for contingent fees; [it] permit[s] recovery of such fees only out of past due benefits; and [it] require[s] court approval for whatever amount of such fees should be paid."  *Wells v. Bowen*, 855 F.2d 37, 41 (2d

Cir. 1988) (citations & internal quotation marks omitted).  Accordingly, when considering a fee application under section 406(b), "a court's primary focus should be on the reasonableness of the contingency in the context of the particular case; and the best indicator of 'reasonableness' of a contingency fee in a social security case is the contingency percentage actually negotiated between the attorney and client, not an hourly rate determined under lodestar calculation."  *Wells II*, 907 F.2d at 371.

The Court is tasked with determining the reasonableness of a fee award under 42 U.S.C. § 406(b).  *See Gisbrecht*, 535 U.S. at 807; *Wells II*, 907 F.2d at 372. The court must consider: (1) whether the amount requested exceeds the statutory 25% cap; (2) whether there was fraud or overreaching in the making of the agreement; and (3) whether the requested amount is so large as to be a windfall to the attorney. *Wells II*, 907 F.2d at 372.

In this case, the plaintiff's counsel seeks an award in the amount of $14,664.54, which is twenty-five percent of the total past due benefits, minus the $7,401.86 in fees already paid. It is undisputed that this requested amount does not exceed the statutory cap.  The plaintiff's counsel asserts that he spent a total of 36.8 hours of service at the district court level; thus, the *de facto* hourly rate would be $599.63 ($22,066.40 divided by 36.8 hours).  (Doc. No. 39 at 4).  The defendant defers to the Court to determine whether the hourly rate "is reasonable and not a windfall, [given that] courts within this District and within the Second Circuit have approved and disapproved comparable hourly rates." (Doc. No. 39 at 4-5).  Additionally, the defendant agrees that "there is no evidence of fraud or overreaching." (Doc. No. 39 at 5).  The Court concludes that the contingent fee requested is reasonable. *See Mingione v. Berryhill*, 3:17 CV 911 (WIG), Doc. No. 31 (D. Conn. Apr. 8, 2020) (approving $625.40 per hour); *see also Benoit v. Berryhill*, 3:19 CV 443 (WIG), Doc. No. 19 (D. Conn. Apr. 30, 2020) (approving $570.50 per hour); *Mitchell v.*

*Astrue*, 09-CV-83 (NGG) (SMG), 2019 WL 1895060, at *5-6 (E.D.N.Y. Apr. 29, 2019) (citing cases).

The plaintiff's counsel acknowledges he received an EAJA fee in the amount of $7,401.86, which amount will "effectively be 'refunded' to the [p]laintiff by way of reduction[.]" (Doc. No. 38 at 2).

The remaining issue before the Court is whether the plaintiff's counsel's § 406(b) Motion was timely filed. (Doc. No. 39 at 2).  The Court concludes that it was, under the circumstances of this case.

Although § 406(b) does not contain a time limitation for filing fee applications, the Second Circuit has made clear that the fourteen-day (plus three days for mailing) filing deadline for attorney fee petitions in Fed. R. Civ. P. 54(d)(2)(B) "provides the applicable limitations period for filing § 406(b) motions." *Sinkler v. Berryhill*, 932 F.3d 83, 87-88 & 89 n.5 (2d Cir. 2019).  In reaching that conclusion, the Second Circuit explained that Rule 54(d)(2)(B)'s limitations period applies "because parties who must await the Commissioner's award of benefits on remand cannot be expected to file an application of attorney's fees that are statutorily capped by the amount of an as-yet-unknown benefits award.  Once counsel receives notice of the benefits award[,]" the fourteen-day limitations period begins to run. *Sinkler*, 932 F.3d at 88; *but see id.* at 91 ("the fourteen-day filing period starts to run when the claimant receives notice of the benefits calculation").

The "fourteen-day limitations period[, however,] is not absolute."  *Id.* at 88. "[D]istrict courts are empowered to enlarge that filing period where circumstances warrant" because Rule 54(d)(2)(B) expressly states that the fourteen-day period applies "[u]nless a . . . court order provides otherwise." *Id.* at 89-90 ("[W]here, as here, the rule itself affords courts the discretion to

4

alter a specified filing time, we will generally defer to a district court in deciding when such an alteration is appropriate in a particular case").

In this case, the plaintiff's counsel filed the pending Motion for Attorney's Fees on May 13, 2020, twenty-five days after the April 18, 2020 Notice of Award Letter, which is eight days after the fourteen-day filing deadline (with three days added for mailing).  (Doc. No. 38). This delay, however, constitutes "a short delay in marked contrast to the six-month delay in *Sinkler.*" *Lesterhuis v. Comm'r of Soc. Sec.*, 408 F. Supp. 3d 292, 295 (W.D.N.Y. 2019); *see Sinkler*, 932 F.3d at 90; *see Blair v. Saul*, 15 CV 307 A, 2020 WL 2744108 (W.D.N.Y. May 27, 2020) (applying discretion to extend Rule 54(d)'s fourteen-day filing period to application filed fifty-two days after the deadline).  Additionally, although counsel has not offered a justification for his short delay in filing the pending motion, during the time period at issue, all parties involved were subject to Stay-at-Home Orders due to the Covid-19 pandemic.  Even if the circumstances posed by the pandemic did not exist, however, the Court, "like other courts in this Circuit, . . .[would still] exercise its discretion and allow [the] plaintiff's counsel to file [his] Section 406(b) application outside the fourteen-day filing deadline." *Bukilici v. Saul*, No. 3:15 CV 1777 (SALM), 2020 WL 2219184, at *4 (D. Conn. May 7, 2020) (citing *Randolph v. Saul*, No. 17 CV 6711 (BCM), 2020 WL 1819933, at *2 (S.D.N.Y. Apr. 10, 2020); *Almodovar v. Saul*, No. 16 CV 7419 (GBD) (SN), 2019 WL 7602176, at *2 (S.D.N.Y. Oct. 4, 2019), *report and recommendation adopted*, 2019 WL 6207784 (Nov. 21, 2019)).  Accordingly, under the circumstances of this case, the Court concludes that the plaintiff's motion was timely filed.

III.     <u>CONCLUSION</u>

For the reasons stated above, the plaintiff's Motion for Attorney Fees under 42 U.S.C. § 406(b)(1) (Doc. No. 28) is GRANTED in the amount of $14,664.54.

SO ORDERED at New Haven, Connecticut the 5th day of June, 2020.

 /s/ Robert M. Spector
Robert M. Spector
United States Magistrate Judge